06-61705.or4

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-61705-CIV-COOKE-BROWN

RAYMOND J. RITGERS, JR.,

    Plaintiff,

vs.

SECRETARY OF VETERAN AFFAIRS and
ARMY MILITARY REVIEW BOARD
AGENCY,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

**THIS MATTER** is before this Court on a *sua sponte* review of the file. Plaintiff filed the *pro se* Complaint in this case on November 13, 2006. D.E. 1. Subsequently, in an Order in Response to Plaintiff's January 4, 2007 Correspondence to Chambers, the District Judge advised Plaintiff that if he wished to find legal counsel, then he could contact Legal Services of Greater Miami and request that they assist him on a *pro bono* basis. D.E. 12.

On February 6, 2007, this Court entered an Order Granting Motion to Proceed In Forma Pauperis, advising Plaintiff with regard to effecting service on the Defendants. D.E. 14. More specifically, Plaintiff was instructed that "[p]ursuant to Fed.R.Civ.P. 4 and the Local Rules for the Southern District of Florida, it is the responsibility of a plaintiff proceeding in forma pauperis to have summonses issued so that they can be served by the Marshal." D.E. 14 at ¶ 2. Plaintiff was further instructed on exactly what steps he needed to take to effect service on the Defendants. *Id.*

On June 18, 2007, on a *sua sponte* review of the file, noting that no action had been taken by Plaintiff since the Order dated February 6, 2007, this Court entered an Order to Show Cause why

1

this case should not be dismissed for failure to prosecute. D.E. 15. Plaintiff responded to this Order on June 20, 2007, claiming that action had been taken on February 12, 2007, at which time Plaintiff submitted "a list of wittness (sic) to prove [his] case" (emphasis in original). D.E. 18. Plaintiff further claimed that "[o]n one or more[] occasion (sic) [he] wrote the Clerk[] and asked if there is any thing (sic) else [he] need (sic) to do" (emphasis in original). *Id.* This response did not, however, include the required summonses so that service could be effected on the Defendants. This Court then entered an Order on Response to Order to Show Cause and instructed Plaintiff to "comply with paragraph 2 of this Court's Order dated February 6, 2007 ... ," which was attached thereto, on or before July 18, 2007. D.E. 17. Plaintiff was further advised that failure to comply would result in this Court's recommendation that this action be dismissed. *Id.*

On July 19, 2007 this Court received a packet of materials from Plaintiff. The packet had several components, including: (1) copies of the previously mentioned February 6 Order and June 28 Order; (2) copies of pages one and four of the original Complaint; (3) an additional hand-written page, which was not attached to the original Complaint, illustrating part of Plaintiff's story; (4) several copies of a typed page of unknown origin, illustrating some facts of Plaintiff's case; (5) the first page of a Memorandum Decision issued by the United States Court of Appeals for Veterans Claims, with added, hand-written commentary; and (5) a letter sent to Plaintiff from the Department of the Army. The packet did not, however, contain the required summonses.

As of this date, Friday, July 20, 2007, the record does not reflect that the required action has been taken by Plaintiff. In addition, pursuant to Fed.R.Civ.P. 4(m), "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant ... ." Being that the Complaint in

this case was filed on November 13, 2006, more than eight months ago, well more than 120 days have passed.

### Recommendation

Accordingly, this Court respectfully recommends that the Complaint be **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of July, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE